UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

Richard Lamb, on behalf of himself
and similarly situated employees,

    Plainitffs,

vs.

Flickerlite Bar & Pizza Restaurant, Inc.,
Richard Capone,
Joan F. Capone,
Patricia Capone, and
John Capone,

    Defendants.
_____/

## OVERTIME PAY COLLECTIVE ACTION
## WITH REQUEST FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Richard Lamb alleges that Defendants failed to pay him and similarly situated employees all overtime pay they were owed, by requiring them to work off the clock. His action for overtime pay has been brought, for himself and similarly situated employees of Defendants, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### JURISDICTION AND VENUE

2. Defendants have transacted business in the Southern District of Florida, specifically in Broward County.

3. Most or all of the acts complained of herein occurred at Defendants' offices in this District.

4. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

5. This Court has federal question/"arising under" jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA.

6. The conditions precedent to filing this action, if any, have been satisfied.

### PARTIES

7. Plaintiff is a person of the full age of majority and a resident of Broward County, Florida.

1

8. At all relevant times herein, Plaintiff and similarly situated employees of Defendants were jointly employed by all Defendants.

9. Defendant **Flickerlite Bar & Pizza Restaurant, Inc.** ("Flickerlite") is an active Florida for-profit corporation, authorized to do business in Florida, and at all material times herein conducted business in Broward County, Florida. Its principal address is 4100 N. 35 Ave., Hollywood, Florida 32254.

10. At all material times herein, Flickerlite conducted business in Florida.

11. At all material times herein, Flickerlite operated the restaurant in which Plaintiff worked.

12. At all material times herein, Flickerlite has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer under the FLSA.

13. At all material times herein, Flickerlite has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.

14. At all material times herein, Flickerlite has acted directly or indirectly in the interest of Flickerlite in relation to Plaintiff and similarly situated employees, and has directed its business activities, and hence is an employer under the FLSA.

15. At all relevant times herein, Defendant **Richard Capone** has been an officer, director, and owner of Flickerlite, and controlled the terms and conditions of Plaintiff and similarly situated employees' employment.

16. At all relevant times herein, Defendant **Joan F. Capone** has been an officer, director, and owner of Flickerlite, and controlled the terms and conditions of Plaintiff and similarly situated employees' employment.

17. At all relevant times herein, Defendant **Patricia Capone** has been an officer, director, and owner of Flickerlite, and controlled the terms and conditions of Plaintiff and similarly situated employees' employment.

18. At all relevant times herein, Defendant **John Capone** has been an officer, director, and owner of Flickerlite, and controlled the terms and conditions of Plaintiff and similarly situated employees' employment.

19. All Defendants jointly operated and managed the restaurant in which Plaintiff and similarly situated employees have worked, and hence are "employers" under the FLSA.

## FACTS

20. Plaintiff worked as a cook in Defendants' restaurant on A1A in Hollywood, Florida from 2008 through approximately February 13, 2016.
21. Like other employees in the restaurant, Plaintiff, with Defendants' knowledge, routinely worked "off-the-clock" hours and overtime hours (over 40 per workweek) without receiving proper compensation under the FLSA.

### COUNT 1 OF 1:
### OVERTIME PAY COLLECTIVE ACTION
### UNDER THE FAIR LABOR STANDARDS ACT

22. Plaintiff realleges and reavers the allegations of paragraphs 1-21 as if fully set forth herein.
23. Pursuant to 29 U.S.C. § 207, Defendants were required to pay Plaintiff and similarly situated employees overtime compensation for all hours over 40 in a workweek.
24. Plaintiff and similarly situated employees worked over 40 hours in one or more workweeks, without being paid all overtime pay to which they were entitled.
25. Defendants' violations of the FLSA were reckless or intentional.
26. Plaintiff and similarly situated employees are entitled to all damages in the premises from Defendants, and request that judgment be entered in their favor and against Defendants for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs and attorneys' fees.
27. Pursuant to 29 U.S.C. § 216(b), Plaintiff intends to pursue this action not only for his own benefit, but also for the benefit of all similarly situated employees of Defendants. His Consent to Opt Into Lawsuit under the FLSA is attached hereto and incorporated herein by reference as **Exhibit "A"**.
28. Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted:

s/ Steven F. Grover
-------------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
507 S.E. 11 Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Counsel for Plaintiff*

Lamb.Complaint.Amended.051017